## Jonas E. Stone & *al. versus* Edward C. Tilson.

The provision of St. 1839, c. 412, § 2, by which certain property disclosed is to be appraised, does not apply, save when the debtor has made the full disclosure provided by St. 1835, c. 195, § 4.

The adjudication of the justices before whom the disclosure of the debtor is made — that the debtor having disclosed sufficient, in the opinion of the justices, to pay the debt, is not bound to answer further — and, having offered the property disclosed, that he is entitled to his discharge, being erroneous — is no defence to a suit on the bond.

This was an action of debt, brought on a poor debtor's bond, and was submitted to the decision of the Court upon the following facts: —

It is agreed that on the 16th of May, 1839, the said Tilson procured a citation, which was duly served on the attorney of the plaintiffs — that at the time and place therein specified he

appeared before two justices of the peace and quorum, and there commenced his disclosure — that he disclosed notes sufficient in the opinion of the magistrates to pay the debt upon which he had been committed — that the attorney of the plaintiffs made further inquiries in relation to the debtor's real and personal estate — that the magistrates having decided that the debtor had disclosed more than sufficient to pay the execution upon which he had been arrested, he was not bound to make further answers — that thereupon the debtor declined answering any additional inquiries in relation to the situation of his affairs — that appraisers were selected and sworn to appraise the notes disclosed, by whose valuation it appeared that the notes were sufficient to satisfy the execution — that the plaintiffs' attorney objected to all these proceedings — but that the debtor was discharged by the justices.

*J. S. Abbott,* for the plaintiffs.

*Ruggles* and *Wilson,* for the defendants.

The opinion of the Court was delivered by

WESTON C. J. — The disclosure, upon which the defendant relies, was made in pursuance of the tenth section of the statute of 1835, c. 195, for the relief of poor debtors. That section provides, that the disclosure and examination shall proceed in the manner prescribed in the fourth section of the same statute. The debtor is to "make a full disclosure of the actual state of his affairs, and of all his estate, property, rights, and credits in possession, expectation or reversion and answer all interrogatories in regard to the same." It was a duty imposed upon him by law, which he was bound to discharge at his peril. When such disclosure is made, and not before, the statute of 1839, c. 412, § 2, makes further provision for the appraisement of the property disclosed, not exempt by law from attachment, but which cannot be come at to be attached.

The disclosure required by law, the defendant did not make. His obligation to do so, is not discharged by the opinion of the justices that it was not necessary. They had no authority to dispense with the law. The interrogatories of the counsel for

the creditors were suitable and proper. They related to the affairs and estate of the debtor, which he was bound to disclose.

Without considering other objections, taken by the plaintiffs to the discharge of the defendant, we are of opinion, that as he has complied with none of the conditions of the bond, nor made such a disclosure as he was legally bound to do, the plaintiffs are entitled to judgment and to execution for their debt, interest and costs.